**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4010**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

WILLIAM EUGENE WEBB, a/k/a James Thomas Webb,

      Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:99-cr-00373-NCT-1)

Submitted: August 24, 2017                  Decided: August 28, 2017

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, Chapel Hill, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2000, William Eugene Webb was convicted by a jury of possession of a firearm by a convicted felon, possession of crack cocaine, and possession of a firearm in connection with a drug trafficking crime. He was sentenced as an armed career criminal to a total term of 355 months' imprisonment. Pursuant to Webb's 28 U.S.C. § 2255 (2012) motion, the district court vacated his sentence and ordered that he be resentenced without an armed career criminal enhancement. At resentencing, the district court dismissed the possession of a firearm in connection with drug trafficking conviction and sentenced Webb to time served. The court also imposed a three-year term of supervised release. Webb timely appealed.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Webb's "time served" sentence exceeded the applicable statutory maximum and whether the district court improperly imposed a term of supervised release, given that any supervised release should have run during the portion of his sentence which exceeded his statutory maximum. Webb has not filed a pro se supplemental brief, and the Government has declined to file a brief. We affirm.

Within the context of challenges to a defendant's imprisonment, "once the convict's sentence has expired some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction— must exist if the suit is to be maintained." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (alterations and internal quotation marks omitted). Webb, having completed

2

the term of imprisonment he seeks to challenge on appeal, "bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement." *Id.* at 284 (internal quotation marks omitted). Webb presents no collateral consequences, and none are apparent from the record. Accordingly, his challenge to his sentence of confinement is moot.

Turning to Webb's challenge to his term of supervised release, his contentions are barred by the Supreme Court's decision in *United States v. Johnson*, 529 U.S. 53 (2000). In *Johnson*, the Court held that 18 U.S.C. § 3624(e) (2012) "does not reduce the length of a supervised release term by reason of excess time served in prison." 529 U.S. at 60. It is not possible to consider an erroneously overlong term of imprisonment to fulfill a portion of the supervised release term because the supervised release term is not ripe until release. *Id.* at 59 ("Supervised release has no statutory function until confinement ends."). Therefore, the district court retained authority in this case to impose a term of supervised release.

In accordance with *Anders*, we have examined the entire record in this case for meritorious issues and have found none. Thus, we affirm the district court's judgment. This court requires that counsel inform Webb, in writing, of the right to petition the Supreme Court of the United States for further review. If Webb requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Webb. We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*