**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4723**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WILLIAM EUGENE WEBB,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:17-cr-00037-D-1)

Submitted: May 29, 2018                           Decided: June 1, 2018

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Daniel William Smith, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Eugene Webb appeals from his 9-month sentence imposed pursuant to the revocation of his supervised release. Webb contends that his sentence is plainly unreasonable, given the totality of the circumstances. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). We take a more deferential posture in reviewing a revocation sentence than we do in reviewing a Guidelines sentence, and we will "affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (brackets and internal quotation marks omitted). When imposing a revocation sentence, a court should "sanction primarily the defendant's breach of trust," while also considering, to a lesser extent, "the seriousness of the underlying violation and the criminal history of the violator" and the applicable 18 U.S.C. § 3553(a) (2012) factors. *Id.* at 207 & n.1.

We find that Webb's revocation sentence is not plainly unreasonable. As an initial matter, the district court properly focused the crux of its decision on Webb's breach of the court's trust. The court discussed Webb's history on supervised release, observing that his addiction got in the way of his compliance, despite numerous people trying to support him. The district court properly considered Webb's repeated violations, as well as his probation officer's efforts to help him succeed on supervised release. Moreover,

2

Webb admitted that the violations were his fault and that he stopped trying. Based on the totality of the circumstances, the district court's sentence was not plainly unreasonable. *See United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016) (affirming revocation sentence when court imposed sentence in part based on defendant's "unwillingness to tackle his substance-abuse problem and the corresponding need to deter him from using illegal drugs in the future"); *United States v. Doe*, 617 F.3d 766, 774 (3d Cir. 2010) (noting that "repeated violations of [defendant's] supervised release, his admitted abuse of controlled substances, and his demonstrated inability to rehabilitate himself through outpatient drug treatment led the District Court to reasonably conclude that [defendant] needed to be kept out of reach of the instruments of his addiction").

Webb also raises an argument based on the fact that his sentence for his original underlying convictions was vacated, and he was resentenced to time served plus the instant term of supervised release. However, Webb's "time served" sentence exceeded the applicable statutory maximum. *See United States v. Webb*, 705 F. App'x 172 (4th Cir. 2017) (No. 17-4010). Averring that this overservice should result in a more lenient sentence in the instant case, Webb relies on *United States v. Johnson*, 529 U.S. 53, 60 (2000), which recognized that "equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term." In such a case, the Supreme Court noted that, after imposition of a term of supervised release, a trial court could modify the conditions of such release or terminate the release term completely after the service of one year. *Id.* However, here, instead of seeking modification or termination of his supervised release, Webb repeatedly violated the

conditions of his supervised release and then sought exoneration based on *Johnson*. We find that such reliance is misplaced. *Johnson* did not provide a basis for violating supervised release with impunity, but instead merely stated that overservice of a sentence should be considered when balancing the equities during a determination of whether supervised release should be modified or terminated early. *Id.* at 60.

Because we find that Webb's sentence was not plainly unreasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*